By: Michael I. Assad (#338972023)
Law Office of Mike Assad, P.C.
923 Haddonfield Road, Suite 336
Cherry Hill, NJ 08002
609-808-3300
mike@assad.law
*Attorney for Plaintiff*

# United States Bankruptcy Court
# District of New Jersey

| | | |
|---|---|---|
| In re: Tamara Arteal Murray, | Case No.: | 26-18242-EJO |
| *Debtor*. | Adv. No.: | |
| Tamara Arteal Murray, | Chapter: | 13 |
| *Plaintiff*, | Judge: | O'Hagan |
| v. | | |
| Santander Consumer USA Inc., | | |
| *Defendant*. | | |

**Verified Complaint for Turnover and Damages for Willful Violation of the Automatic Stay Directed to Santander Consumer USA Inc.**

Plaintiff Tamara Arteal Murray, by way of complaint against Santander Consumer USA Inc. (the "Creditor"), alleges as follows:

**Jurisdiction**

1.    The Court has jurisdiction under 28 U.S.C. § 1334 and the Standing Order of Reference.

2.    This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (E), and (O).

3.    The Plaintiff consents to the entry of a final order by this Court.

4.      Venue is proper under 28 U.S.C. § 1409.

5.      The Plaintiff has standing to bring each claim in this complaint under 11 U.S.C. §§ 1303, 362(k).

**Parties**

6.      The Plaintiff is an individual, the debtor in the underlying chapter 13 case, and resides at 71 Sawyer Avenue, Mount Holly, NJ 08060.

7.      The Creditor is a corporation engaged in the business of consumer automobile financing and loan servicing. Upon information and belief, its principal place of business is located at 1601 Elm Street, Dallas, TX 75201.

**Facts**

8.      The Plaintiff petitioned for relief under chapter 13 of the Bankruptcy Code on July 20, 2026, commencing Case No. 26-18242-EJO.

9.      On or about May 1, 2021, the Plaintiff entered into a retail installment contract for purchase of a 2018 Mercedes-Benz C-Class, VIN WDDWF4KBXJR387884 (the "Vehicle").

10.     The contract was assigned to the Creditor.

11.     The Plaintiff remains indebted under the contract.

12.     The Creditor services the account under account number ending 0761.

13.     The Plaintiff uses the Vehicle for transportation to work when she is employed.

14.     The Plaintiff is currently unemployed and needs the Vehicle to seek and obtain employment and to fulfill other routine obligations and errands.

15.     The Vehicle is properly insured through GEICO through August 19, 2026, and such insurance will be renewed at that time.

2

16. On or about June 25, 2026, before the petition was filed, the Creditor repossessed the Vehicle due to payment default.

17. Upon information and belief, the Vehicle was stored at International Recovery Systems in Camden, New Jersey, after the repossession.

18. International Recovery Systems is approximately 18 miles from the Plaintiff's residence.

19. When the Creditor repossessed the Vehicle, the Plaintiff's personal belongings, including an Apple AirTag tracking device, were inside the Vehicle.

20. Upon information and belief, the AirTag and other personal belongings remain inside the Vehicle.

21. Upon repossession, the Creditor sent the Plaintiff a notice stating that the Vehicle would be sold if the arrearage was not promptly cured.

22. Upon information and belief, the Creditor did not sell or otherwise dispose of the Vehicle before the petition was filed.

23. The Plaintiff retained her right of redemption and other interests in the Vehicle under N.J.S.A. 12A:9-623.

24. The Plaintiff has filed, or intends to file, a chapter 13 plan that provides for the Creditor's claim and intends to provide pre-confirmation adequate protection payments to the Creditor upon request.

25. The Creditor was listed on the Plaintiff's creditor matrix at the address the Creditor uses for customer correspondence.

26. The Creditor's claim was also listed on Schedule D of the Plaintiff's bankruptcy schedules.

27. Upon information and belief, the Creditor subscribes to a commercial bankruptcy-monitoring service, such as Epiq's AACER or LexisNexis's Banko, that notifies it when one of its account holders files a bankruptcy petition.

28. Upon information and belief, the Creditor became aware of this bankruptcy case through its bankruptcy-monitoring service on July 20, 2026, the day the case was filed.

29. Each telephone call described below was placed to the Creditor's customer-service telephone number, 888-222-4227, from counsel's telephone number, 609-808-3300, except as otherwise noted.

30. Upon information and belief, the Creditor recorded each call described below and maintains logs and recordings of each call in the ordinary course of its business.

31. On July 21, 2026, at 11:25 a.m., Plaintiff's counsel called the Creditor.

32. The Creditor's agent stated that the Creditor's system was malfunctioning and asked counsel to call back five minutes later.

33. That call ended at 11:33 a.m.

34. At 12:01 p.m., Plaintiff's counsel called the Creditor again to provide notice of this bankruptcy case.

35. Counsel identified himself to the Creditor's agent as the Plaintiff's attorney.

36. At the agent's request, counsel provided the Plaintiff's name and bankruptcy case number.

37.     The Creditor's agent then declined to speak further with Plaintiff's counsel because the Plaintiff was not present on the call.

38.     Upon information and belief, the Creditor maintains a bankruptcy department to which its agents route calls concerning account holders in bankruptcy.

39.     When counsel objected to the agent's refusal to speak with him, the agent placed him on hold to wait for the Creditor's bankruptcy department.

40.     While counsel was on hold, the Creditor terminated the call.

41.     That call ended at 12:21 p.m.

42.     At 12:22 p.m., Plaintiff's counsel called the Creditor a third time.

43.     Counsel remained on hold for the entire call and ended it at 12:40 p.m. only because he had to prepare for an unrelated court appearance.

44.     At 2:42 p.m., the Plaintiff and her counsel called the Creditor together.

45.     During that call, the Plaintiff requested redemption of the Vehicle and demanded its turnover under the Bankruptcy Code.

46.     During that call, the Creditor agreed to release the Vehicle to the Plaintiff.

47.     The Creditor stated that it would contact the Plaintiff within three to five days with instructions on how to retrieve the Vehicle.

48.     That call ended at 3:06 p.m.

49.     The AirTag reported the Vehicle in Camden, New Jersey at 3:28 p.m. on July 21, 2026, twenty-two minutes after the final call ended.

50.     Upon information and belief, the Creditor had actual knowledge of this bankruptcy case on July 20, 2026, through its bankruptcy-monitoring service, and in any event no later than the 12:01 p.m. call on July 21, 2026.

51.     No later than the 2:42 p.m. call, the Creditor also had actual knowledge of the Plaintiff's demand for redemption and turnover of the Vehicle.

52.     Upon information and belief, the Vehicle was transported away from International Recovery Systems on July 22, 2026.

53.     Upon information and belief, the Vehicle was transported to Mecum Auto Auction, 1100 S. York Street, Mechanicsburg, Pennsylvania 17055, an automobile auction facility.

54.     Mecum Auto Auction is approximately 120 miles from the Plaintiff's residence and across state lines.

55.     Upon information and belief, the Vehicle was therefore still in Camden, New Jersey, when the Creditor received notice of this case, when it agreed to release the Vehicle, and after the final July 21 call concluded.

56.     Upon information and belief, the Vehicle was transported to Pennsylvania only after the Creditor had actual knowledge of this case and had agreed to release the Vehicle.

57.     Upon information and belief, at all relevant times, International Recovery Systems, Mecum Auto Auction, and any transport company that moved the Vehicle, or one or more of them, acted as the Creditor's agents with respect to the Vehicle.

58.     Upon information and belief, since the repossession on or about June 25, 2026, the Vehicle has remained continuously in the Creditor's possession, custody, or control, whether directly or through one or more of its agents.

6

59.     Upon information and belief, the Creditor directed or authorized the transport of the Vehicle after it received notice of this bankruptcy case.

60.     In the alternative, if the transport was arranged before the Creditor received notice, the Creditor had the ability after receiving notice, including during and after the 12:01 p.m. and 2:42 p.m. calls on July 21, to countermand its agents and halt the transport, and, upon information and belief, it took no step to do so.

61.     On July 22, 2026, the Creditor called Plaintiff's counsel.

62.     During that call, the Creditor acknowledged that the Vehicle had been transported to an auction facility.

63.     During that call, the Creditor stated that the Vehicle would be transported back to New Jersey.

64.     During that call, the Creditor again stated that it would contact the Plaintiff within three to five days with instructions on how to retrieve the Vehicle.

65.     The Creditor has not returned the Vehicle to the Plaintiff.

66.     Upon information and belief, the Vehicle remains at or in transit to the auction facility and has not been sold or otherwise disposed of.

67.     Upon information and belief, vehicles in the Creditor's auction pipeline are subject to reassignment, further transport, and sale, and the Creditor has in prior matters failed to timely return vehicles it agreed to release.

68.     The Creditor's conduct has caused the Plaintiff emotional distress, including anxiety arising from the loss of her sole means of transportation while she is unemployed and seeking work.

69.     The Creditor's conduct has also caused the Plaintiff economic damages, including, but not limited to, transportation expenses, impairment of her ability to seek employment, and attorney's fees.

**Count 1**
**Turnover**
**[11 U.S.C. § 542(a)]**

70.     The Plaintiff incorporates the preceding paragraphs by reference.

71.     When the petition was filed, the Vehicle became property of the bankruptcy estate under 11 U.S.C. §§ 541(a) and 1306(a), notwithstanding the prepetition repossession.

72.     Under 11 U.S.C. § 542(a), an entity in possession of estate property that a debtor may use under 11 U.S.C. § 363 must deliver that property to the debtor unless it is of inconsequential value or benefit to the estate.

73.     The Vehicle is necessary for the Plaintiff's reorganization because it is essential to her search for employment, the income from which will fund her chapter 13 plan, and to other daily necessities. Its necessity to the Plaintiff's reorganization gives it consequential value and benefit to the estate.

74.     The Creditor has possession, custody, or control of the Vehicle, together with the Plaintiff's personal belongings inside it, and must deliver them to the Plaintiff.

**Count 2**
**Willful Violation of the Automatic Stay**
**[11 U.S.C. § 362(k)]**

75.     The Plaintiff incorporates the preceding paragraphs by reference.

76.     The filing of the petition operated as a stay of, among other things, "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate," "any act to create, perfect, or enforce any lien" against property of the

estate or of the Plaintiff, and "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case." 11 U.S.C. § 362(a)(3)–(6).

77.     After receiving notice of the petition and the Plaintiff's demand for turnover, the Creditor transported the Vehicle to an auction facility. That conduct was an act to exercise control over property of the estate, to enforce the Creditor's lien, and to collect a prepetition debt.

78.     The transport of the Vehicle was an affirmative post-petition act, not mere retention of the Vehicle. Whether the Creditor arranged the transport before or after it received notice of this case, the transport was performed on July 22, 2026, after the Creditor had actual knowledge of this case, by the Creditor or by its agents acting within the scope of their agency, and the acts of the Creditor's agents are the acts of the Creditor.

79.     This misconduct is willful within the meaning of 11 U.S.C. § 362(k) because the Creditor had actual notice of the bankruptcy and intentionally engaged in the conduct that violates the stay.

80.     The Plaintiff is an individual and has been injured by the Creditor's willful violation of the stay. Under 11 U.S.C. § 362(k)(1), she is entitled to recover the actual damages described above, together with costs and attorney's fees.

81.     Punitive damages are appropriate because the Creditor's conduct was egregious and in arrogant defiance of federal law: the Creditor refused to speak with the Plaintiff's identified counsel, terminated counsel's call while he held for its bankruptcy department, agreed to release the Vehicle, and then, the next day, transported the Vehicle across state lines to an auction facility.

## Request for Relief

For good cause shown, the Plaintiff requests that the Court enter judgment against the Defendant:

A.      ordering the Creditor to return possession of the Vehicle, together with the Plaintiff's personal belongings inside it, to the Plaintiff immediately, at the Creditor's expense;

B.      enjoining the Creditor and all persons acting in concert with it from selling, auctioning, titling, encumbering, or further moving the Vehicle, except to return it to the Plaintiff;

C.      awarding the Plaintiff actual damages under 11 U.S.C. § 362(k)(1), including damages for emotional distress;

D.      awarding the Plaintiff costs and attorney's fees under 11 U.S.C. § 362(k)(1);

E.      awarding the Plaintiff punitive damages under 11 U.S.C. § 362(k)(1); and

F.      awarding such other and further relief as may be necessary and proper under the law.


Date: July 23, 2026                                          **LAW OFFICE OF MIKE ASSAD, P.C.**
                                                             *Attorney for Plaintiff*

                                                             By:_____
                                                                  Michael I. Assad


## Verification

I, Tamara Arteal Murray, am the plaintiff in this adversary proceeding. I have read this complaint and verify that all factual allegations therein are true and correct to the best of my knowledge, information, and belief. I verify under penalty of perjury that the foregoing is true and correct.


Date: July 23, 2026                                          /s/ Tamara Arteal Murray
                                                             Tamara Arteal Murray


10

11